**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LESSIE LEMERAIL HOLLIDAY, §<br>    *Plaintiff*, §<br> §<br>v. §<br> §<br> §<br>PILGRIM'S PRIDE CORPORATION, §<br>and whatever entity that at any time §<br>between December 1, 2017 and June 30, §<br>2018 operated any business located at §<br>4840 U.S. Highway 271 North, Pittsburg, §<br>Camp County, Texas 75686, §<br>    *Defendant*. § | Case No.<br>Jury |

**COMPLAINT**

Plaintiff Lessie Lemerail Holliday ("Holliday") brings this action against Defendant Pilgrim's Pride Corporation ("Pilgrim's") because it violated federal law – specifically, the American's with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

**Nature of the Case**

1.   This is an employment discrimination/retaliation case, and it is based on disability. This action consists of **four** claims. In Count One, Holliday asserts that Pilgrim's violated the ADA by failing to grant, or even to counter, her request for an accommodation. In Count Two, Holliday asserts that Pilgrim's violated the ADA by discharging her because she suffered from an actual disability. In Count Three, Holliday asserts that Pilgrim's violated the ADA by discharging her because she suffered from a perceived, a/k/a "regarded as," disability.  In Count Four, Holliday asserts that Pilgrim's violated the ADA by discharging her in retaliation for asking Pilgrim's for an accommodation.

## Parties

2. Plaintiff Lessie Lemerail Holliday is an individual. She resides in Mount Pleasant, Titus County, Texas, and she resided there at all times in Year 2017, and in Year 2018 during her employment with Pilgrim's Pride Corporation.

    A. Holliday was formerly an "employee," as that word is defined in 42 U.S.C. § 12111(4), of Defendant Pilgrim's Pride Corporation.

3. Pilgrim's Pride Corporation ("Pilgrim's") is an active Delaware corporation.

    A. It is currently in good standing.

    B. It is headquartered in Pittsburg, Camp County, Texas.

    C. It was formerly an "employer," as that term is defined in 42 U.S.C. § 12111(5)(A), of Holliday all times in Year 2017 and part of Year 2018.

    D. Pilgrim's may be served with process by serving its **registered agent**, **Corporation Service Company d/b/a CSC-Lawyers, Incorporated,** at the following location – **211 East 7th Street, Suite 620, Austin, Texas 78701,** or wherever else it may be found.

## Jurisdiction

4. This Court has original, subject matter jurisdiction over this action because Holliday's claims under the ADA all present federal questions. *See* 28 U.S.C. §12101; *see also* 28 U.S.C. §1343(a)(4) ("civil rights").

5. The Court has personal jurisdiction, both specific and general, over Pilgrim's because Pilgrim's conducts business in Texas, Holliday's claims for relief all arose in Texas, and Pilgrim's is amenable to service by this Court.

## Venue

6. Venue is proper in this district by reason of 28 U.S.C. § 1391(d)("Residency of

corporations in States with multiple districts").

7. Venue is also proper in this district by reason of 42 U.S.C. § 12117(a), which provides that the "procedures set forth in section[] . . . 2000e-5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides . . . to any person . . . ."

    A. Section 2000e-5(f)(3) states that an action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed[.]"

8. Finally, venue is proper in this judicial district because a substantial part of the events or omissions giving rise to Holliday's claims occurred here. *See* 28 U.S.C. §1391(b)(2).

## Material Facts

9. When she was seven years old, Holliday fractured her right ankle.

10. Holliday has experienced problems with her right ankle since her fracture referenced in paragraph 9 *supra.* For example --

    A. Holliday limps.

        (i) Holliday had this impairment throughout all of calendar year 2016 and into the second week in December 2017.

    B. Holliday is unable to walk/stand for more than an hour or two.

        (i) Holliday had this impairment did this throughout all of calendar year 2016 and into the second week in December 2017.

    C. Holliday is unable to run.

        (i) Holliday had this impairment did this throughout all of calendar year 2016 and into the second week in December 2017.

    D. Holliday is unable to lift and carry items that weigh more than forty pounds.

          (i)       Holliday had this impairment throughout all of calendar year 2016 and into the second week in December 2017.

11.       Holliday began her employment with Pilgrim's on October 23, 1989.

12.       Holliday ended her employment with Pilgrim's on June 27, 2018.

13.       Sometime during the second week in December 2017, Holliday's right ankle stopped functioning. Holliday could no longer bend her right foot or even walk without experiencing pain.

          A.       When the event referenced in this paragraph occurred, Holliday was working for Pilgrim's as a Warehouse Supervisor.

          B.       When the event referenced in this paragraph occurred, Holliday was working at Pilgrim's "Distributor Center," located at 4840 U.S. Highway 271 North, in Pittsburg, Camp County, Texas 75686.

14.       Holliday's doctor responded to the incident described in paragraph 13 *supra* by ordering Holliday not to work.

15.       Holliday underwent surgery on her right ankle on April 25, 2018.

16.       Holliday underwent a full ankle replacement on April 25, 2018.

17.       At all times from December 1, 2017 through June 30, 2018, Pilgrim's had in place an attendance plan/policy under which it removed from its payroll -- without exception, and regardless of the reason -- any employee who is absent from work for six months.

          A.       Such policies/plans are sometimes known as "Absence Control" policies/plans.

18.       Holliday asked Pilgrim's for more than six months to recover from the surgery referenced in paragraphs 15 and 16 *supra*.

19. Citing the plan/policy referenced in paragraph 17 *supra*, Pilgrim's refused to accommodate Holliday by giving her more than six months.

20. Pilgrim's discharged Holliday in June 2018.

21. Pilgrim's discharged Holliday during the latter part of June 2018.

22. Pilgrim's discharged Holliday on June 27, 2018.

23. Holliday signed an EEOC Form 5, titled *Charge of Discrimination,* on July 20, 2018.

24. Holliday signed an EEOC Form 5, titled *Charge of Discrimination,* fewer than one hundred eighty days from the effective date of her discharge.

25. The U.S. Equal Employment Opportunity Commission ("EEOC") received an EEOC Form 5, titled *Charge of Discrimination,* that had been signed by Holliday on July 20, 2018.

26. On July 24, 2018, the U.S. Equal Employment Opportunity Commission ("EEOC") received an EEOC Form 5, titled *Charge of Discrimination,* that had been signed by Holliday on July 20, 2018.

27. On March 15, 2018, EEOC's District Director signed a form titled "Notice of Right to Sue (*Issued on Request).*

28. EEOC's District Director signed a form titled "Notice of Right to Sue (*Issued on Request)*("Notice") more than one hundred eighty days after EEOC had received the Charge.

29. Holliday received a Notice, signed by EEOC's District Director, in her mail on March 19, 2018.

30. Due to Pilgrim's conduct, including the foregoing, Holliday has suffered economic losses.

    A. Holliday will likely continue to suffer such losses in the future.

31. Due to Pilgrim's conduct, including the foregoing, Holliday has suffered mental anguish.

    A. Holliday will likely continue to suffer such losses in the future.

## COUNT ONE:
## ADA – Discrimination – Failure to Accommodate

32. Holliday re-alleges and incorporates by reference all allegations set forth in paragraphs 9 through 31.

33. By reason of the impairment in her right ankle and the consequential limitations, Holliday suffered an actual disability as the word "disability" is defined in 42 U.S.C. §12102(1)(A).

34. Holliday was "qualified" for the job of Warehouse Supervisor at Pilgrim's. Holliday could perform the essential functions of the job in spite of her disability, or, if she could not, then a reasonable accommodation of her disability would have enabled her to perform the essential functions of the job.

35. Pilgrim's knew of Holliday's disabilities and their consequential limitations.

36. Holliday asked Pilgrim's for an accommodation. Specifically, Holliday asked Pilgrim's for more time to heal from her right ankle replacement surgery.

37. Pilgrim's failed to grant the accommodation request set forth in paragraph 36 *supra.*

38. Pilgrim's failed to proffer any counterproposal to Holliday's accommodation request set forth in paragraph 36 *supra.*

39. Holliday has satisfied all conditions precedent to the filing of this Count One.

40. Due to Pilgrim's violation of the ADA as set forth in this Count One, Holliday is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus

wages and employment benefits in the future – "front pay" -- and other appropriate equitable relief. 42 USC §2000e-5(g)(1).

41. Due to Pilgrim's violation of the ADA as set forth in this Count One, Holliday is entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42. Holliday is entitled to an award of punitive damages against Pilgrim's because Pilgrim's engaged in such discriminatory practices with malice or with reckless indifference to Holliday's federally protected rights.

43. Holliday seeks recovery of all interest that is lawfully available to her.

44. Holliday is entitled to an award of attorney fees pursuant to 42 U.S.C § 12205 if/when she is found to be a "prevailing party." Holliday also requests reimbursement for expert witness fees as part of her costs. *Id.*

## COUNT TWO:
## ADA – Discrimination – Actual Disability – Discharge

45. Holliday re-alleges and incorporates by reference all allegations set forth in paragraphs 9 through 31.

46. By reason of the impairment in her right ankle and the consequential limitations, Holliday suffered from a "disability" as that word is defined in 42 U.S.C. §12102(1)(A).

47. Holliday was "qualified" for the job of Warehouse Supervisor at Pilgrim's. Holliday could perform the essential functions of the job in spite of her disability, or, if she could

not, then a reasonable accommodation of her disability would have enabled her to perform the essential functions of the job.

48. Pilgrim's subjected Holliday to an "adverse employment decision" on the basis of a disability, as the word "disability" is defined in 42 U.S.C. § 12102(1)(A), when on June 27, 2018, Pilgrim's discharged Holliday in violation of 42 U.S.C. § 12112(a).

49. Holliday has satisfied all conditions precedent to the filing of this Count Two.

50. Due to Pilgrim's violation of the ADA as set forth in this Count Two, Holliday is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus wages and employment benefits in the future – "front pay" -- and other appropriate equitable relief. 42 USC §2000e-5(g)(1).

51. Due to Pilgrim's violation of the ADA as set forth in this Count Two, Holliday is entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. Holliday is entitled to an award of punitive damages against Pilgrim's because Pilgrim's engaged in such discriminatory practices with malice or with reckless indifference to Holliday's federally protected rights.

53. Holliday seeks recovery of all interest that is lawfully available to her.

54. Holliday is entitled to an award of attorney fees pursuant to 42 U.S.C §12205 if/when she is found to be a "prevailing party." Holliday also requests reimbursement for expert witness fees as part of her costs. *Id.*

## COUNT THREE:
### ADA – Discrimination – Perceived ("Regarded As") Disability – Discharge

55. Holliday re-alleges and incorporates by reference all allegations set forth in paragraphs 9 through 31.

56. By reason of the impairment to her right ankle, Holliday suffered from a "disability" as that word is defined in 42 U.S.C. §12102(1)(C).

57. Holliday was "qualified" for the job of Warehouse Supervisor at Pilgrim's. Holliday could perform the essential functions of the job in spite of her disability, or, if she could not, then a reasonable accommodation of her disability would have enabled her to perform the essential functions of the job.

58. Pilgrim's subjected Holliday to an "adverse employment decision" on the basis of a disability, as the word "disability" is defined in 42 U.S.C. § 12102(1)(C), when on June 27, 2018, Pilgrim's discharged Holliday in violation of 42 U.S.C. § 12112(a).

59. Holliday has satisfied all conditions precedent to the filing of this Count Three.

60. Due to Pilgrim's violation of the ADA as set forth in this Count Three, Holliday is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus wages and employment benefits in the future – "front pay" -- and other appropriate equitable relief. 42 USC § 2000e-5(g)(1).

61. Due to Pilgrim's violation of the ADA as set forth in this Count Three, Holliday is entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

62. Holliday is entitled to an award of punitive damages against Pilgrim's because Pilgrim's engaged in such discriminatory practices with malice or with reckless indifference to Holliday's federally protected rights.

63. Holliday seeks recovery of all interest that is lawfully available to her.

64. Holliday is entitled to an award of attorney fees pursuant to 42 U.S.C §12205 if/when she is found to be a "prevailing party." Holliday also requests reimbursement for expert witness fees as part of her costs. *Id.*

### COUNT FOUR:
### ADA Retaliation/Interference, Coercion, Intimidation
### (Discharge)

65. Holliday re-alleges and incorporates by reference all allegations set forth in paragraphs 9 through 31.

66. Pilgrim's violated 42 U.S.C. §12203(a) and (b) of the ADA, which read as follows:

*(a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.*

*(b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.*

67. Pilgrim's retaliated against Holliday, and it also engaged in unlawful interference, coercion and intimidation against Holliday, both in violation of the ADA *supra*, as follows:

    A. First, Holliday asked Pilgrim's for an accommodation. Specifically, Holliday asked Pilgrim's for more time to heal from her ankle replacement surgery.

        (i)    "A request for accommodation of a disability constitutes protected activity under . . . the ADA." *See* EEOC Compl. Man. §8-II.B.2 (May 20, 1998).

        B.    Shortly after the protected activity described in subpart "A," Pilgrim's committed an employment action that was "materially adverse" as the Supreme Court used that phrase in *Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53, 68 (2006). Specifically, Pilgrim's discharged Holliday. Pilgrim's did this on/about June 27, 2018.

        C.    The legally-protected activity referenced in subpart "A" of this paragraph, and Pilgrim's subsequent discharge of Holliday referenced in subpart "B" of this paragraph, are causally linked by various factors – *e.g.,* temporal proximity, and Pilgrim's actual knowledge of Holliday's legally-protected activity.

68.    Holliday has satisfied all conditions precedent to the filing of this Count Four.

69.    Due to Pilgrim's violation of the ADA as set forth in this Count Four, Holliday is entitled to receive an award of wages and employment benefits in the past – "back pay" – plus wages and employment benefits in the future – "front pay" -- and other appropriate equitable relief. 42 USC § 2000e-5(g)(1).

70.    Due to Pilgrim's violation of the ADA as set forth in this Count Four, Holliday is entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71.    Holliday is entitled to an award of punitive damages against Pilgrim's because Pilgrim's engaged in such discriminatory practices with malice or with reckless indifference to

Holliday's federally protected rights.

72. Holliday seeks recovery of all interest that is lawfully available to her.

73. Holliday is entitled to an award of attorney fees pursuant to 42 U.S.C §12205 if/when she is found to be a "prevailing party." Holliday also requests reimbursement for expert witness fees as part of her costs. *Id.*

## Jury Demand

74. Pursuant to FED. R. CIV. P. 38(a), Holliday demands a jury on all issues so triable.

## Request for Relief

WHEREFORE, Plaintiff Lessie Lemarail Holliday asks that Defendant Pilgrim's Pride Corporation ("Pilgrim's") appear and answer, and that on trial of this action Holliday have final judgment against Pilgrim's for the relief set forth in this document.

Dated: May 13, 2019

    Respectfully submitted,

    /s/
By: _____
    **Wade A. Forsman**
    State Bar No. 07264257
    P.O. Box 918
    Sulphur Springs, TX 75483-0918
    903.689.4144 Telephone-East Texas
    972.499.4004 Telephone–Dallas/Fort Worth
    903.689.7001 Facsimile
    wade@forsmanlaw.com

    **Attorney for Plaintiff Lessie Lemerail Holliday**